IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| LYNDON D. BOONE, | )<br>) |
| Plaintiff, | )<br>)  3:22cv19<br>) |
| v. | )<br>) |
| LLOYD J. AUSTIN III, SECRETARY, UNITED STATES DEPARTMENT OF DEFENSE, | )  **JURY TRIAL DEMANDED**<br>)<br>)<br>) |
| Defendant. | )<br>) |

## COMPLAINT

COMES NOW Plaintiff, Lyndon D. Boone, by and through his attorney, Darrin W. Gibbons, and for his cause of action against the U.S. Department of Defense, Defense Commissary Agency states as follows:

1. This court has jurisdiction pursuant to the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. Sec. 7703(b)(2).

2. Plaintiff, Lyndon D. Boone, was employed by the U.S. Department of Defense, Defense Commissary Agency ("DeCA") as an Assistant Commissary Officer, GS-1144-13.

3. DeCA, headquartered at Fort Lee, Virginia, operates a worldwide chain of commissaries providing groceries to military personnel, retirees, and their families.

4. Defendant, DeCA, is an independent agency of the federal government duly existing according to law to engage in, and was at all times mentioned herein, engaged in doing business in the State of Virginia, and other states of the United States.

5. That at all times relevant herein, including the present, Defendant has engaged in the sale of groceries in the Eastern District of Virginia.

1

6. Plaintiff began his employment with DeCA on January 19, 1999 and remained continuously employed with DeCA until the date of his termination on December 18, 2020.

7. Defendant's principal place of business, its world-wide headquarters, is located at Fort Lee, Virginia.

8. Prior to his termination, plaintiff had no prior disciplinary record.

9. Plaintiff is an African-American, male.

10. Plaintiff appealed his termination to the U.S. Merit Systems Protection Board ("MSPB") on January 14, 2021.

11. The MSPB possessed jurisdiction over plaintiff's removal from the federal service under 5 U.S.C. §§ 7511(a); 7512 (1); 7513(d).

12. Plaintiff's appeal to the MSPB included claims that he did not commit the offenses alleged as well as claims that the agency's decision was unlawfully motivated due discrimination prohibited by the Civil Rights Act of 1964 (42. U.S.C. 2000e-16(c)). In common parlance before the MSPB, this is known as a "mixed case" appeal challenging plaintiff's termination from federal service.

13. The MSPB issued an "Initial Decision" on the merits of Plaintiff's claims on November 8, 2021 ruling against him on all claims including his CSRA claims and his Title VII discrimination claims. This Initial Decision became the final decision of the MSPB on December 13, 2021.

14. Plaintiff seeks judicial review of the MSPB's findings in federal district court and challenges all rulings of the MSPB as being contrary to law and not supported by substantial evidence.

15. Plaintiff avers that the agency failed to meet its burden of proof on the charges alleged.

16. As a matter of law, the MSPB applied the incorrect legal standard to the allegations of Title VII sexual harassment alleged by the agency. The MSPB AJ treated the charge as a regulation violation and did not apply a Title VII legal standard.

17. Defendant stipulated "the Title VII standard for 'sexual harassment' is the appropriate standard applicable to the charge and burden of proof in this case." The MSPB failed to properly apply this legal standard.

18. The charges brought by the agency were stale, lacked merit and the accusations leveled were unlawfully motivated by discriminatory animus and/or by a retaliatory motive of subordinate employees supervised by the plaintiff.

19. Defendant and the MSPB failed to consider substantial exculpatory evidence presented by plaintiff including an accuser's own statement that she did not know she was harassed until others reported their harassment to her.

20. Defendant stipulated that a local Union Steward solicited the complaints against Plaintiff after her own daughter was terminated from employment by Plaintiff.

21. DeCA singled-out plaintiff as an African-American (Black) supervisor by punishing him for conduct nearly identical to conduct brought to the attention of Caucasian (white) supervisors, which was ignored.

22. Defendant found Plaintiff "negligent" but made no finding of negligence against Caucasian supervisors who ignored claims of, and failed to act upon, Title VII sexual harassment reported to them by subordinate staff members.

23. Defendant terminated plaintiff's employment based upon rumor, innuendo and hearsay. No reasonable, objective trier of fact could conclude that the evidence presented by DeCA established the alleged charges by a preponderance of evidence.

24. Closed-circuit video surveillance evidence was destroyed or otherwise not preserved that would have exonerated Plaintiff from many of the frivolous and false claims alleged against him.

25. Plaintiff's accusers had close personal friendships with the Union Steward who solicited their complaints.  The Union Steward also engaged in a significant financial contract of renting the home of one accuser, who initiated her complaint as part of a quid pro quo arrangement with the Union Steward.

26. Plaintiff is a minister and retired military service member.  He did not commit the conduct alleged by the defendant and seeks a trial by jury of his peers.

WHEREFORE Plaintiff, Lyndon D. Boone, prays for Judgment against the Defendant, the U.S. Department of Defense, Defense Commissary Agency, for his lost wages, salary, employment benefits, or other compensation denied or lost; the interest on said damages calculated at the prevailing rate; reinstatement to his former position; reasonable attorney's fees, and other costs of the action; and such other and further relief as the court deems just and appropriate.

PLAINTIFF DEMANDS A TRIAL BY JURY

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of January, 2022, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system. I will then send the document and a notification of such filing (NEF) to the following party via U.S. Certified Mail.

Secretary of Defense
Lloyd J. Austin III
1000 Defense Pentagon
Washington, DC 20301-1000

Defense Commissary Agency
1300 E. Ave
Fort Lee, VA 23801
Attn:  General Counsel

/s/ Darrin W. Gibbons
Darrin W. Gibbons, Esq.
Virginia bar number 83915
Attorney for Lyndon D. Boone
Gibbons Law Firm PLC
3900 Westerre Parkway, Suite 300
Richmond, VA 23233
Phone: (804) 727-0036
Fax: (804) 884-3896
Email:  dgibbons@dgibbonslaw.com